# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 6, 2022

Lyle W. Cayce
Clerk

No. 20-60965
Summary Calendar

Shanqing Lin,

*Petitioner*,

*versus*

Merrick Garland, U.S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 886 337

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Shanqing Lin, a native and citizen of China, entered the United States without inspection. He petitions for review of the Board of Immigration Appeals' decision affirming the Immigration Judge's denial of his claims for

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60965

asylum, withholding of removal, and protection under the Convention Against Torture.  We AFFIRM.

## FACTUAL AND PROCEDURAL BACKGROUND

In January 2010, Shanqing Lin illegally entered the United States.  On July 7, 2010, Lin submitted an application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").  Lin did not attend a required interview related to his applications. His absence led to the Department of Homeland Security's serving him on August 26, 2010, with a Notice to Appear and charging him as removable.  Lin conceded the removability charges and proceeded with his previously submitted applications for asylum, withholding of removal, and protection under the CAT.

On May 10, 2018, an Immigration Judge ("IJ") held a hearing on Lin's applications for relief.  Lin testified that while he was living in China, he was arrested with about a dozen others during a Christian home gathering for prayer.  The arresting officers took him to a police station where he was detained for five days.  While detained, officers beat and interrogated him three times for approximately two to three hours each time.  He was eventually released because his wife paid for his bail.  Upon release, he sought medical treatment for bruising and swelling caused by the beatings.  He received a massage and medication to treat his injuries.

As a condition of release, he was required to report to the police station every week.  Lin complied nine times after his release.  He testified that at each reporting session, the officers would threaten him and say his crime was "very severe" because he engaged in an illegal gathering that threatened the country's security.  He testified he interpreted the threats to mean that he would be put in prison for participating in the gathering.  In November 2009, Lin decided to leave China out of fear of being detained

2

again. He also testified that since leaving China, he has received letters and phone calls from his wife telling him that a criminal case against him is ongoing.

The IJ determined Lin lacked credibility based on his demeanor and inconsistencies in his testimony. The IJ also found that Lin could not rehabilitate his testimony because he failed to corroborate his testimony with reasonably available supporting documents or affidavits. Based on these findings, the IJ concluded Lin could not demonstrate his eligibility for asylum, withholding of removal, or protection under CAT. The Board of Immigration Appeals ("BIA") affirmed the IJ's decision. Lin then petitioned this court for review.

## DISCUSSION

We review the BIA's factual findings for substantial evidence and rulings on questions of law *de novo*. *Mireles-Valdez v. Ashcroft*, 349 F.3d 213, 215 (5th Cir. 2003). Adverse credibility findings are factual findings and are therefore reviewed for substantial evidence. *Arulnanthy v. Garland*, 17 F.4th 586, 592 (5th Cir. 2021). We will not overturn a credibility determination "unless . . . the evidence compels" a contrary conclusion. *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994) (emphasis removed).

Lin contends the BIA erred in affirming the IJ's adverse credibility determination because the IJ had failed to give him an opportunity to explain the inconsistencies in his testimony. The Government responds that Lin did not raise this argument before the BIA, making it unexhausted. A petitioner must exhaust all administrative remedies before petitioning for review in this court. 8 U.S.C. § 1252(d). That means a petitioner must "raise, present, or mention an issue to the BIA." *Omari v. Holder*, 562 F.3d 314, 321 (5th Cir. 2009) (quotation marks and citations omitted). This requirement can be met even where the petitioner presents an argument in a "less-developed form"

or as a "general argument to the BIA," so long as the petitioner "made some concrete statement before the BIA to which [he] could tie [his] claims before this court." *Id.* at 321–22. Insufficient to preserve an issue is identifying an argument in such general terms that the BIA does not have a "reasonable opportunity . . . to correct the agency's decision before judicial intervention." *Rui Yang v. Holder*, 664 F.3d 580, 588 (5th Cir. 2011).

Here, Lin failed to make any reference to the argument that the IJ did not give him an opportunity to explain inconsistencies in his testimony. Accordingly, Lin has not exhausted this argument and we lack jurisdiction to consider this assertion. *See Omari*, 562 F.3d at 317.

Lin also argues the BIA erred in affirming the IJ's adverse credibility determination because no reasonable factfinder could have found his testimony inconsistent. The BIA identified three inconsistencies in Lin's testimony when affirming the IJ's credibility determination: (1) contradictory statements that he was charged with a crime and also that the state did not press charges against him; (2) the implausibility of his statement that he learned from his wife that his case was ongoing even though his wife moved away from the city where he was arrested; and (3) the contradiction in his statements that he was both obligated to continue reporting to the police station and also under no obligation to do so.

In making adverse credibility determinations, the IJ and BIA "may rely on any inconsistency or omission" so long as "the totality of the circumstances establishes that an asylum applicant is not credible." *Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009) (quotation marks and citations omitted). This court will defer to a credibility determination "unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Id.* Even so, adverse credibility determinations "must be supported by specific and cogent reasons

derived from the record." *Singh v. Sessions*, 880 F.3d 220, 225 (5th Cir. 2018) (quotation marks and citations omitted).

Here, the credibility determination is supported by specific and cogent reasons derived from the record. Indeed, Lin gave contradicting answers during his testimony. He also testified his wife informed him that his case was pending even though she had moved away from the city where he was arrested. Having moved away would not necessarily prevent his wife from knowing about his case, but he did not explain how she knew. Lin offers alternative interpretations of his testimony on appeal, but he does not demonstrate that no reasonable factfinder could have made an adverse credibility determination. The IJ also found that Lin's demeanor demonstrated a lack of credibility. Because the reasons for the BIA's adverse credibility determination were supported by specific and cogent reasons derived from the record and the totality of circumstances support an adverse credibility finding, we cannot say a reasonable adjudicator would be compelled to conclude to the contrary. *Arulnanthy*, 17 F.4th at 593. The BIA's adverse credibility determination is therefore supported by substantial evidence.

Finally, Lin argues the BIA erred in affirming the IJ's decision that he failed to provide reasonably available evidence to corroborate his testimony, such as an affidavit or other document from his wife. Lin argues the BIA erred because documents from his wife were not reasonably available given the lack of privacy in China. He supports this contention with the State Department's 2016 Country Conditions Report for China, which discusses China's monitoring of citizens' communication, and his testimony that "it's pretty complicated writing letters these days because we were also scared that [the letters] might be found." He says the BIA therefore erred in failing to consider this evidence because any reasonable factfinder would have determined such corroborating evidence was not reasonably available.

No. 20-60965

We may only reverse a determination that corroborating evidence was reasonably available if we find "a reasonable trier of fact [was] compelled to conclude that such corroborating evidence is unavailable." *Rui Yang*, 664 F.3d at 587 (quoting 8 U.S.C. § 1252(b)(4)). Lin has not shown the BIA was "compelled to conclude" that an affidavit or other document was unavailable. *Id.* Lin was able to provide two other letters from his wife and one from a Chinese Church brother who was present during Lin's arrest. He also did not testify specifically that he had trouble receiving a letter from his wife that would support his claims, considering he was able to provide the other letters. Although Lin provides countervailing reasons for failing to provide corroborating evidence, the record does not compel the conclusion that the evidence was unavailable. *Id.* The BIA's decision was therefore supported with substantial evidence.

AFFIRMED.